JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY S. CORDREY (Bar No. 190144)
*gcordrey@jmbm.com*
JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

Attorneys for Plaintiff THERABODY, INC.

JMBM | Jeffer Mangels Butler & Mitchell LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THERABODY, INC., a Delaware corporation,,

Plaintiff,

v.

TJX COMPANIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:22-cv-00618

**COMPLAINT FOR:**

**INFRINGEMENT OF U.S. PATENT NOS. 10,702,448; 10,918,565; 11,160,722;**

**DEMAND FOR JURY TRIAL**

Plaintiff Therabody, Inc. ("Therabody") files this complaint against defendants TJX Companies, Inc. ("TJX") and Does 1-10, inclusive (collectively "Defendants").

**THE PARTIES**

1. Therabody is, and at all times relevant hereto was, a corporation duly

JMBM Jeffer Mangels Butler & Mitchell LLP

organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

2. Therabody is informed and believes and, based thereon, alleges that defendant TJX Companies, Inc. is a Delaware corporation with places of business within this District.

3. Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

4. Therabody is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing percussive massage devices described below.

5. Therabody is informed and believes and thereon alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Therabody is further informed and believes and on that basis alleges that, in doing the things alleged in this Complaint, each of the Defendants was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of one or more of the other Defendants.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271.

7. This Court has subject matter jurisdiction over the patent claims pursuant to 28 U.S.C. § 1338.

8. This Court has personal jurisdiction over Defendants and venue is

proper in this District pursuant to 28 U.S.C. § 1391(b) and § 1400(b). Therabody is informed and believes and, based thereon, alleges that, Defendant TJX has regular places of business in this District, and that Defendant TJX has committed acts of infringement in this District, including the distribution, promoting, marketing, selling, offering for sale, importing, and/or advertising their infringing products in or to this District and/or to businesses and individuals in this District. Therabody is further informed and believes and, based thereon, alleges that Defendants derive substantial revenue from the distribution, promotion, marketing, sale, offer for sale, or import of infringing products in or to this District. Finally, Defendants infringing acts are causing harm to Therabody, a resident of this District.

**GENERAL ALLEGATIONS**

9. Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor. Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including patenting its innovative products.

11. Therabody is the owner of United States Patent Number 10,702,448 entitled "Percussive Massage Device and Method of Use" (hereinafter the '448 Patent), issued on July 7, 2020. A true and correct copy of the '448 Patent is attached hereto as Exhibit A.

12. The '448 Patent pertains to a vibrating massage device or percussive massage device that provides reciprocating motion. The '448 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '448 Patent are novel and non-obvious.

13. Therabody is the owner of United States Patent Number 10,918,565, entitled "Percussive massage device and method of use" (hereinafter the '565 Patent"), issued on February 16, 2021. A true and correct copy of the '565 Patent is attached hereto as Exhibit B.

14. The '565 Patent pertains to a vibrating massage device or percussive

JMBM Jeffer Mangels Butler & Mitchell LLP

massage device that provides reciprocating motion. The '565 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '565 Patent are novel and non-obvious.

15. Therabody is the owner of United States Patent Number 11,160,722, entitled "Percussive Therapy Device and Method of Use" (hereinafter the '722 Patent"), issued on November 2, 2021. A true and correct copy of the '722 Patent is attached hereto as Exhibit C.

16. The '722 Patent pertains to a vibrating massage device or percussive massage device and method of use. The '722 Patent is presumed to be valid and is *prima facie* proof that the inventions claimed in the '722 Patent are novel and non-obvious. The '448, '565 and '722 Patents are hereafter "Asserted Patents."

17. Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award in Digital and Electronic Devices Design for its Therabody G3PRO design.

**Defendants' Conduct**

18. On or about December of 2021, Therabody became aware of Defendants' Infringing Product (shown below) through sales at Defendant's HomeGoods retail store. On December 22, 2021, Therabody sent a cease-and-desist letter demanding that Defendant TJX immediately ends their manufacture, offer for sale, sale, use and importation of the Infringing Product. Since then, Therabody has seen the Infringing Product promoted and offered for sale in a number of Defendant TJX's retail stores, including HomeGoods and TJ Maxx.



19. Defendant TJX has been on notice of Therabody's patents at least since July of 2021, but despite such notice continues to repeatedly offer for sale and sell infringing products, including the Infringing Product.

**FIRST CAUSE OF ACTION**

**Patent Infringement of the '448 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

20. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

21. At all times herein mentioned the '448 Patent was and is valid and fully enforceable.

22. Defendants are offering percussive massage devices that infringe at least claim 6 of the '448 Patent, including at least the Infringing Product.

23. Defendants' Infringing Product is a percussive massage device.

24. As shown below, the Infringing Product includes a housing wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening.



25. As shown below, Defendants' Infringing Product includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.

26. As shown above, the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

27. The Infringing Product includes an electrical source, a motor positioned

JMBM Jeffer Mangels Butler & Mitchell LLP

JMBM Jeffer Mangels Butler & Mitchell LLP

in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

28. On information and belief, at least since Plaintiff's December 22, 2021 notification to Defendants, Defendants have knowingly and actively induced the infringement of one or more of the '448 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '448 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '448 Patent.

29. On information and belief, at least since Plaintiff's December 22, 2021 notification to Defendants, Defendants have contributed to the infringement of the '448 Patent by their customers and users of the Infringing Product by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '448 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '448 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '448 Patent. Defendants continue to engage in acts of contributory infringement of the '448 Patent even after receiving notice of its contributory infringement.

30. Defendants infringe literally or under the doctrine of equivalents, or both.

31.     At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '448 Patent.

32.     Therabody has been damaged by Defendants' acts of infringement of the '448 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

33.     Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

34.     Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

JMBM Jeffer Mangels Butler & Mitchell LLP

## SECOND CAUSE OF ACTION

**Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

35. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

36. At all times herein mentioned the '565 Patent was and is valid and fully enforceable.

37. Defendants are offering percussive massage devices that infringe at least claim 6 of the '565 Patent, including at least the Infringing Product.

38. Defendants' Infringing Product is a percussive massage device.

39. As shown below, the Infringing Product includes a housing wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening.

40. As shown below, Defendants' Infringing Product includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.



41.     As shown above, the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

42.     The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

43.     On information and belief, at least since Plaintiff's December 22, 2021 notification to Defendants, Defendants have knowingly and actively induced the infringement of one or more of the '565 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '565 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '565 Patent.

44.     On information and belief, at least since Plaintiff's December 22, 2021 notification to Defendants, Defendants have contributed to the infringement of the '565 Patent by their customers and users of the Infringing Product by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a

component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '565 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '565 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '565 Patent. Defendants continue to engage in acts of contributory infringement of the '565 Patent even after receiving notice of its contributory infringement.

45. Defendants infringe literally or under the doctrine of equivalents, or both.

46. At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '565 Patent.

47. Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

48. Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants'

JMBM Jeffer Mangels Butler & Mitchell LLP

Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

49. Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

## THIRD CAUSE OF ACTION

**Patent Infringement of the '722 Patent, 35 U.S.C. §§ 101 et seq.**

(Against All Defendants)

50. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

51. At all times herein mentioned the '722 Patent was and is valid and fully enforceable.

52. Defendants are offering percussive massage devices that infringe at least claim 12 of the '722 Patent, including at least the Infringing Product.

53. The Infringing Product is a percussive massage device.

54. As shown below, the Infringing Product includes a housing, wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion includes a first handle portion exterior edge, wherein the second handle portion includes a second handle portion exterior edge, wherein the third handle portion includes a third handle portion exterior edge, wherein the first handle portion exterior edge defines a first handle portion exterior edge extended, wherein the second handle portion exterior edge defines a second handle portion exterior edge extended, wherein the

third handle portion exterior edge defines a third handle portion exterior edge extended.

third handle portion
handle opening
housing
second handle portion
third exterior edge
first exterior edge
second exterior edge
first handle portion

55. As shown below, the Infringing Product includes first, second and third exterior edges extended cooperate to define a triangle that surrounds the handle opening, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

56. The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

57. As shown above, the Infringing Product includes the first handle

JMBM Jeffer Mangels Butler & Mitchell LLP

portion exterior edge is generally straight, wherein the second handle portion exterior edge is generally straight, and wherein the third handle portion exterior edge is generally straight.

58. Defendants' infringe literally or under the doctrine of equivalents, or both.

59. On information and belief, at least since Plaintiff's December 22, 2021 notification to Defendants, Defendants have knowingly and actively induced the infringement of one or more of the '722 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '722 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '722 Patent.

60. On information and belief, at least since Plaintiff's December 22, 2021 notification to Defendants, Defendants have contributed to the infringement of the '722 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '722 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '722 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '722 Patent. Defendants continue to engage in acts of contributory infringement of the '722 Patent even after receiving notice of its contributory infringement.

61. At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the ’722 Patent.

62. Therabody has been damaged by Defendants’ acts of infringement of the ’722 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

63. Therabody is, and has been, irreparably harmed by Defendants’ on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes en-trenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody’s investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants’ Infringing Product being sold at a price point lower than Therabody’s patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants’ unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

64. Defendants’ acts of infringement have been, and continue to be, willful and de-liberate and therefore warrant the award of attorneys’ fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284

**PRAYER FOR RELIEF**

WHEREFORE, Therabody prays for judgment as follows:

A. A judgment that Defendants are liable on all causes of action alleged herein;

B. For an order requiring Defendants to account for all gains, profits,

unjust enrichment, and other advantages derived from their breach of the Settlement Agreement;

C. For an order awarding Therabody is attorneys' fees and costs as the prevailing party pursuant to the terms of the Settlement Agreement;

D. For an order finding that the Asserted Patents are valid and enforceable;

E. For an order finding that Defendants have infringed the Asserted Patents directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

F. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from further breaching the Settlement Agreement and infringing the Asserted Patents directly, contributorily and/or by inducement, or otherwise engaging in acts of unfair competition;

G. For a judgment directing that any products in the possession, custody or control of Defendants which infringe the Asserted Patents be delivered up and destroyed within 30 days of entry of judgment;

H. For a judgment directing Defendants to recall all such infringing products and any other materials sold, distributed, advertised or marketed which infringe the Asserted Patents;

I. For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

J. For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

K. For compensatory damages in an amount to be proven at trial, including compensatory damages, lost profits and/or reasonable royalty, in amounts

to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

L. For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorney's fees according to proof;

M. For an order awarding Therabody its costs of court; and

N. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED: January 27, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
GREGORY S. CORDREY
ROD S. BERMAN
JOSEPH J. MELLEMA

By: */s/ Gregory S. Cordrey*
GREGORY S. CORDREY
Attorneys for Plaintiff THERABODY, INC.

JMBM Jeffer Mangels Butler & Mitchell LLP